# IN THE U.S. BANKRUPTCY COURT

# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: Grant Thomas Wilcox | Bankruptcy Case: 20-51998—amk |
| Grant T. Wilcox,<br>9858 Green Dr<br>Windham, OH 44288-1419<br>        Plaintiff, Debtor | Adversary Pro.No: 21-05001-amk<br><br>Honorable Alan M. Koschik |
| Vs. | |
| Sara N. Wilcox,<br>9268 Mulberry Road SE<br>Mount Perry, OH 43760-9502<br>        Defendant, Creditor | MOTION FOR RESTRAINING ORDER (EXPEDITED HEARING REQUESTED) |
| & | |
| Herbert Baker,<br>301 Main Street<br>Zanesville, OH 43701-3456<br>        Defendant, Creditor | |

Now comes the Debtor, pro se, and requests that this Court enter a temporary restraining order directing Creditors to immediately vacate the Domestic Relations Court civil capias arrest order for the reasons stated below;

MOTION FOR RESTRAINING ORDER (EXPEDITED HEARING REQUESTED)- 1

1. There is an active civil arrest warrant for the Debtor issued on November 2nd, 2020 by the Licking County Domestic Relations Court (Exhibit A.) for the Debtor failing to purge his civil contempt and not reporting to jail(Exhibit B.).

2. The contempt proceeding is civil in nature due to the opportunity to "purge" the contempt by complying with the conditions and the October 21st, 2020 Judgement Entry supports that the contempt proceeding is civil in nature (Exhibit C.). Nothing contained in this judgement mentions anything about upholding the dignity of the Domestic Relations Court. In addition the judgement entry states in its first paragraph that the matter came before the court on the motion of the Creditors.

3. Due to the civil arrest warrant the Debtor has had numerous encounters with Law Enforcement seeking to arrest Debtor. Some of these dates and events are detailed in the attached reports gathered by Debtor (Exhibit D & E.).

4. Upon information and belief creditors are retaliating against Debtor by denying visitation the Debtors son and seeking to have the parenting time orders change along with increasing child support (Exhibit F.) see attached communication from the Domestic Relations Court from January 19th, 2021. Creditors appear to have indicated they were going

to move to withdrawal the warrant however as of this filing there is no motion on the Domestic Relations Court Docket (Exhibit G.).

5. The Debtor had another encounter with Law Enforcement at the local gas station who in sum essence stated "I can kick your door in anytime I want to at your house with that outstanding warrant." Debtor remained silent and got in his vehicle and returned to his house with no further issues.

### *Supporting Case Law*

"[It is] incumbent upon creditors to take the necessary steps to **halt or reverse any pending State Court actions or other collection efforts commenced prior to the filing of a bankruptcy petition**, including garnishment of wages, repossession of automobile, foreclosure of a mortgage or a judgment lien and, thereby, maintain, or restore, **the status quo as it existed at the time of the filing of the bankruptcy petition**. In re Webb , 472 B.R. 665 (6th Cir. BAP 2012) (alteration in original) (quoting In re Banks , 253 B.R. 25, 30 (Bankr. E.D. Mich. 2000))"

"Refusal to take affirmative action to get the garnishment stopped is a willful violation of the automatic stay" In re Scroggin , 364 B.R. 772, 781 (10th B.A.P. Cir. [BAP] 2007)"

"In re Johnston , 321 B.R. 262, 282–86 (D. Ariz. 2005) (held that creditor had **affirmative duty to move to vacate state court contempt and arrest orders** that were not themselves issued in violation of the automatic stay)"

("[L]evy of execution, restraining orders, **civil arrest orders and exercise of any other post judgment remedies are stayed.**") Alan N. Resnick & Henry J. Sommer, Collier Bankruptcy Manual ¶ 362.03[4] (3d ed. 2009)

"Defendants had an affirmative obligation to ensure that the **outstanding Warrant of Arrest was not enforced.**" Siskin v. Complete Aircraft Servs., Inc. (In re Siskin ), 231 B.R. 514, 520 (Bankr. E.D.N.Y. 1999)

"Even if the warrant were based on **Debtor's disrespect** for the superior court, **it is still being used as a collection device**. As a result ... the **arrest warrant is covered by the automatic stay**." Goodman v. Albany Realty Co. (In re Goodman ), 277 B.R. 839, 842 (Bankr. M.D. Ga. 2001)

### *Prayer*

Whereas the Debtor respectfully requests that this Court enter a temporary restraining order directing the Creditor Defendants to

MOTION FOR RESTRAINING ORDER (EXPEDITED HEARING REQUESTED)- 4

**IMMEDIATELY** vacate the civil arrest warrant issued by the Licking County Domestic Relations Court.

Respectfully Submitted,

/s/ Grant T. Wilcox
Grant T. Wilcox
Debtor, Pro Se
9858 Green Drive
Windham, OH 44288
330-990-5416
grant.wilcox@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a true and accurate copy of the above MOTION FOR RESTRAINING ORDER (EXPEDITED HEARING REQUESTED) on the Herb Baker, 301 Main St, Zanesville, OH 43071, via regular U.S. Mail on February 1st, 2021.

/s/ Grant T. Wilcox
Grant Wilcox, pro se

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a true and accurate copy of the above MOTION FOR RESTRAINING ORDER (EXPEDITED HEARING REQUESTED) on the Sara N. Wilcox, 9268 Mulberry Rd SE, Mt. Perry, OH 43760, via regular U.S. Mail on February 1st, 2021.

/s/ Grant T. Wilcox
Grant Wilcox, pro se

MOTION FOR RESTRAINING ORDER (EXPEDITED HEARING REQUESTED)- 5



CAPIAS

# Exhibit A.

STATE OF OHIO, LICKING COUNTY:

COURT OF COMMON PLEAS
CASE NO: 2015 DR 00574 / 3613292

CLERK COMMON
PLEAS COURT
LICKING CO. OHIO

2020 NOV -2 AM 11:57

GARY R. WALTERS
CLERK

TO SHERIFF OF SAID COUNTY: LICKING

WE HEREBY COMMAND YOU TO TAKE          (INFORMATION TO AID ATTACHED)

GRANT T WILCOX
9858 GREEN DRIVE
WINDHAM OH 44288

OR WHEREVER HE/SHE MAY BE FOUND, AND SAFELY KEEP HIM/HER SO THAT YOU HAVE

HIM/HER BEFORE OUR COURT OF COMMON PLEAS AT 75 E. MAIN ST., IN SAID COUNTY

TO ANSWER THE CHARGE AGAINST HIM/HER FOR DOMESTIC CONTEMPT.

WITNESS MY HAND AND SEAL OF SAID COURT,
November 2, 2020

REQUESTED BY: DOMESTIC COURT JUDGE

GARY R. WALTERS
CLERK OF COURTS

BY_____
         DEPUTY

********************
SHERIFF'S RETURN
********************

THE STATE OF OHIO, _____ COUNTY: _____, 20___.
I RECEIVED THIS WRIT ON THE _____ DAY OF _____, 20___, AT _____
O'CLOCK ____.M., AND PURSUANT TO ITS COMMAND I EXECUTED THE SAME BY ARRESTING THE
SAID _____ ON _____
AND HAVE HIM/HER NOW IN MY CUSTODY IN THE JAIL OF SAID COUNTY TO APPEAR BEFORE
SAID COURT _____
    CAPIAS RECALLED _____

_____
SHERIFF

_____
DEPUTY

SHERIFF'S FEES
***************
SERVICE AND RETURN    $_____
MILEAGE _____ @      _____

        TOTAL          _____

**Court of Common Pleas, Licking County, Ohio**
Domestic Relations Division

COMMON PLEAS COURT
LICKING CO. OHIO

2020 NOV -2 AM 11:20

GARY R. WALTERS
CLERK

SARA N WILCOX (BUTTS)
9268 MULBERRY ROAD
MOUNT PERRY OH 43760
DOB: 04/13/1988,
    PLAINTIFF,

**Exhibit B.**

vs

Case No. 2015 DR 00574 DF

GRANT T WILCOX
9858 GREEN DRIVE
WINDHAM, OH 44288
DOB: 05/23/1988,
    DEFENDANT,

and

THOMAS & KIM WILCOX
641 STATE ROUTE 303
STREETSBORO, OH 44241
DOB: 09/25/1958 - TW
DOB: 09/12/1967 – KW
    THIRD PARTY DEFENDANTS.

Judge Richard P. Wright

Judge Duke Frost

Magistrate C. William Rickrich

Magistrate Ann E. Snyder

Magistrate Deborah G. Lang

Magistrate Tracy F. VanWinkle

## JUDGMENT ENTRY

On October 20, 2020, this matter came before the Court for show cause hearing. The Plaintiff appeared with counsel. The Defendant appeared without counsel.

The Court found the Defendant did not purge his contempt and ordered him to serve thirty (30) days at the Licking County Justice Center. The Defendant was ordered to report to the Licking County Justice Center on November 1, 2020 at 8:00 a.m. The Defendant was advised that failure to report as instructed would result in a capias being issued for his arrest. The Defendant failed to appear at the Licking County Justice Center as ordered.

The Court finds probable cause for the issuance of a warrant.

The Clerk is hereby ordered to issue a capias for the Defendant for his failure to report to the Licking County Justice Center on November 1, 2020 as ordered.

*IT IS SO ORDERED.*

_____
DUKE FROST, JUDGE

cc:
SARA N WILCOX, PLAINTIFF
HERBERT W BAKER, ATTORNEY FOR THE PLAINTIFF
GRANT T WILCOX, DEFENDANT
THOMAS AND KIM WILCOX, THIRD PARTY DEFENDANTS
ERIC J. ALLEN, ATTORNEY FOR THIRD PARTY DEFENDANTS
MARK POOLE, GAL

**IN COMPLIANCE WITH CIVIL RULE 58, IT IS VERIFIED THAT COPIES HAVE BEEN SENT TO THE PARTIES AND/OR THEIR ATTORNEY OF RECORD IN A MANNER PRESCRIBED BY CIVIL RULE 5(B) ON THIS 2nd DAY OF Nov, 2020.**

_____

2

THIS IS A FINAL APPEALABLE ORDER

# Court of Common Pleas, Licking County, Ohio
## Domestic Relations Division

CLERK COMMON PLEAS COURT LICKING CO. OHIO
2020 OCT 21 PM 1:21
GARY R. WALTERS
CLERK

SARA N. WILCOX
9268 MULBERRY ROAD
MOUNT PERRY OH 43760
DOB: 04/13/1988,
        PLAINTIFF,

**Exhibit C.**

vs

Case No. 2015 DR 00574 DF

GRANT T. WILCOX
9858 GREEN DRIVE
WINDHAM, OH 44288
DOB: 05/23/1988,
        DEFENDANT,

and

THOMAS & KIM WILCOX
641 STATE ROUTE 303
STREETSBORO, OH 44241
DOB: 09/25/1958 - TW
DOB: 09/12/1967 – KW
        THIRD PARTY DEFENDANTS.

Judge Richard P. Wright

Judge Duke Frost

Magistrate C. William Rickrich

Magistrate Ann E. Snyder

Magistrate Deborah G. Lang

Magistrate Tracy F. VanWinkle

## JUDGMENT ENTRY

On October 20, 2020, this matter came before the Court upon motion of the Plaintiff for imposition of the Defendant's suspended sentence pursuant to a contempt of court. On July 27, 2020, the Plaintiff filed her motion seeking to impose the suspended sentence.[1] The matter was scheduled for a hearing, which due to the COVID-19 pandemic, had to take place via video.[2] Plaintiff appeared with counsel. Defendant was present *pro se*. Third Party Defendants were present with counsel. All parties were given the opportunity to present testimony and evidence.

---

[1] Verified Motion for Imposition of Sentence, file stamped July 27, 2020.
[2] Judgment Entry, file stamped August 14, 2020.

*Prior Finding of Contempt & Purge Conditions*

On September 28, 2018, the Defendant was found to be in contempt for failure to fulfill the orders contained in the parties' Decree of Divorce.[3] Specifically, the Defendant was found to have failed to do all of the following: (a) make equalization payments of five hundred dollars to the Plaintiff ($500) until the equalization due and owing is paid off; (b) failure to pay one-half of the credit card debt assigned to the parties; (c) failure to submit a QDRO to divide the Defendant's retirement account; and (d) failure to sign the power of attorney for real estate awarded to the Plaintiff in the Decree of Divorce.[4]

Thirty (30) days were imposed for the contempt and suspended, provided the Defendant fulfilled certain purge conditions: (a) pay the Plaintiff seven thousand dollars ($7,000.00) within sixty (60) days of the finding of contempt; (b) pay the Plaintiff three hundred dollars ($300.00) a month, beginning on the first day of the month following the finding of contempt, until his portion of the credit card debt had been satisfied; (c) within thirty (30) days of the finding of contempt, submit a QDRO to divide the Defendant's retirement account; (d) within ten (10) days of the finding of contempt, sign the power of attorney for real estate awarded to the Plaintiff in the Decree of Divorce; and (e) within thirty (30) days of the finding of contempt, pay the attorney fees ($750.00) awarded to the Plaintiff out of the contempt.

*Evidence Presented*

The Plaintiff testified that she has received no monies from the Defendant; other than a check for nine dollars ($9.00). This includes no monies towards the equalization payment due and owing to the Plaintiff. No payments towards credit card debt divided between the parties

---

[3] Judgment Entry – Decree of Divorce, file stamped March 23, 2017.
[4] Magistrate's Decision, Page 3 through 10, file stamped September 28, 2018.

2

pursuant to the Decree of Divorce; the Plaintiff submitted the bills pursuant to the Decree. No QRDO to divide the retirement account and no payments of attorney fees.

The Plaintiff did acknowledge receiving what purported to be a power of attorney for real estate, but advised that it was not properly filled out and was not useable. Further, the aforementioned "power of attorney" was not given to the Plaintiff in a timely fashion such that it was moot at that point.

The Defendant advised being unable to afford to make the payments. However, no evidence was offered to support this claim, other than his general statement. With regards to the order to divide his retirement account, the Defendant claimed being unable to obtain a QRDO from QDRO Consultants.[5] The Defendant testified that he provided a check to the Plaintiff for approximately nine dollars ($9.00), which he claimed was her share of the retirement account.

With regards to all the monies owed to the Plaintiff (equalization monies due, attorney fees and credit card debt), the Defendant also claimed that attempts were made to pay the Plaintiff a bulk amount of monies to settle this issue, but she refused to accept payments. With regards to the power of attorney, the Defendant testified that a power of attorney was submitted and that no objection to the same was raised by the Plaintiff; the Defendant failed to present evidence when this occurred so the Court finds that the Plaintiff's testimony that the document was received in an untimely fashion to be undisputed.

The Defendant also offered the testimony of his mother that in January of 2020 the Plaintiff was offered twenty thousand ($20,000) to resolve the financial issues of the contempt. The Court notes that the monies owed to the Plaintiff far exceed the monies being offered by the

---

[5] The Decree of Divorce also permitted that parties have another entity prepare the QDRO, if they agreed to do so. The Court routinely receives QDROs prepared by QDRO Consultants and finds the claim that they refused to prepare one to be uncredible.

3

Defendant to resolve the issue. Therefore, the Court does not find the offer of a much lower settlement amount to resolve the greater debt to be relevant, other than to show the Defendant has access to funds to satisfy the purge conditions.

*Ruling*

A purge condition cannot be such that it is "unreasonable or where compliance is impossible." *Anderson v. Cameron*, 2009-Ohio-601 at ¶20, citing *In re Purola (1991)*, 73 Ohio App.3d 306, 313. Further, "[t]he party who failed to comply with the court order to pay support bears the burden of proving an inability to pay by the preponderance of the evidence." *Murphy v. Murphy*, 2008-Ohio-1971 at ¶25, citing *State ex rel. Cook v. Cook (1902)*, 66 Ohio St. 566, paragraph one of the syllabus.

The Court notes that Defendant has had more than sufficient time to make payments to purge his contempt. He did not prove an inability to pay by a preponderance of the evidence. This contempt has existed for a little over two (2) years, and the Defendant has failed to make any attempt to satisfy his financial obligations to the Plaintiff.[6] Further, some of the purge conditions required no financial payments (e.g. submission of a QDRO and power of attorney for real estate), which are unrelated to the Defendant's claimed inability to pay.

After the presentation of testimony and exhibits, and statements of the parties, the Court finds by clear and convincing evidence that the Defendant has failed to purge his contempt and orders him to serve thirty (30) days at the Licking County Justice Center.

The Defendant shall report to the Licking County Justice Center on **November 1, 2020 at 8:00 a.m.** to serve these days. The Defendant is further advised that failure to report as instructed will result in a capias being issued for his arrest.

---

[6] Other than the one sided offer of a lower financial settlement to the Plaintiff.

4

The Court reminds the Defendant that imposition of this sentence does not relieve him of the obligations imposed by the Decree of Divorce. The Plaintiff is also cautioned that the matter of the contempt is finished with the imposition of this sentence. If the Defendant continues to fail to adhere to the terms of the Divorce, the Plaintiff is free to file a new motion seeking contempt for this failure.

*IT IS SO ORDERED.*

_____
DUKE FROST, JUDGE

cc:
SARA N. WILCOX, PLAINTIFF
HERBERT W. BAKER, ATTORNEY FOR THE PLAINTIFF
GRANT T. WILCOX, DEFENDANT
THOMAS AND KIM WILCOX, THIRD PARTY DEFENDANTS
ERIC J. ALLEN, ATTORNEY FOR THIRD PARTY DEFENDANTS
MARK POOLE, GAL

IN COMPLIANCE WITH CIVIL RULE 58, IT IS VERIFIED THAT COPIES HAVE BEEN SENT TO THE PARTIES AND/OR THEIR ATTORNEY OF RECORD IN A MANNER PRESCRIBED BY CIVIL RULE 5(B) ON THIS 21st DAY OF Oct, 20 20.

_____

5

# Streetsboro Police Dept

## Call Summary Report

Printed on 01/21/2021

| | | | |
|---|---|---|---|
| **CallID** 2203180002 | **Date Taken** 11/13/2020 | **Time Taken** 01:53:46 | **Method Received** RADIO |
| **Call Dispo:** UTL | | | |

| | | | |
|---|---|---|---|
| **Code** P15 | **Type** WARRANT ARREST | | **Citation** |
| **Street Info** 9858 | GREEN DR | **Apt** | **PNum** |
| **Location** | | | **FNum** |
| **City/State/Zip** WINDHAM | OH | 44288 | **ENum** |
| **County** | | | **Entry ID** lgarner |

### Caller Information

| | | |
|---|---|---|
| **Caller Name** | | |
| **Caller Address** 0 | **Apt** | **Caller City** |
| **Caller Phone** | | |

### Comments

(11/13/2020 02:05:36 By: lgarner) SUBJECT WOULD NOT OPEN DOOR

### Unit Times

| Unit Id | Date | Disp | Enroute | Onscene | TO HOSPIT | AT HOSPIT | IN SERVIC | IN AREA | TO JAIL | AT JAIL | Cleared |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 713 | 11/13/20 | 01:54:03 | | 01:54:03 | | | | | | | 02:05:23 |

### Call MNI

| EntryCode | Lname | Fname | MI | Title | DOB | Address | Lic_Num |
|---|---|---|---|---|---|---|---|
| DRI | TAYLOR | DAVID | JC | | 12/09/72 | 3956 TOD AVE NW | RT946195 |
| SUB | WILCOX | GRANT | TH | | 05/23/88 | 9858 GREEN DR | SU108598 |

### Call Vehicle

| Plate | State | Year | Make | Model | Color | Color2 | Vin |
|---|---|---|---|---|---|---|---|
| HTV7536 | OH | 2007 | DODG | TK | BLK | | 1D7HU18247S134713 |
| HPM9842 | OH | 2018 | CHEV | TK | BLK | | 1GCGTCEN8J1304281 |

# Streetsboro Police Dept

**Call Summary Report**  Printed on 01/21/2021

| | | | |
|---|---|---|---|
| **CallID** 2203510046 | **Date Taken** 12/16/2020 | **Time Taken** 20:45:02 | **Method Received** RADIO |
| **Call Dispo:** REPORT TAKEN | | | |

| | | | |
|---|---|---|---|
| **Code** P61 | **Type** TRAFFIC STOP | | **Citation** |
| **Street Info** 0 | E CENTER ST/SCHOOL ST | **Apt** | **PNum** W202001154 |
| **Location** | E CENTER ST/SCHOOL ST | | **FNum** |
| **City/State/Zip** WINDHAM | OH | 44288 | **ENum** |
| **County** PORTAGE | | | **Entry ID** jmeyer |

## Caller Information

| | | | |
|---|---|---|---|
| **Caller Name** | | | |
| **Caller Address** 0 | | **Apt** | **Caller City** |
| **Caller Phone** | | | |

## Comments

## Call Numbers

| Time Stamp | Number Type | Call Number | Number Reason | Created By |
|---|---|---|---|---|
| 12/16/20 20:56:01 | PNUM | W202001154 | WINDHAM | hotto |

## Unit Times

| Unit Id | Date | Disp | Enroute | Onscene | TO HOSPIT | AT HOSPIT | IN SERVICI | IN AREA | TO JAIL | AT JAIL | Cleared |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 708 | 12/16/20 | 20:48:30 | | 20:48:37 | | | | | | | 20:57:02 |
| 724 | 12/16/20 | 20:45:20 | | 20:45:21 | | | | | | | 20:57:04 |

## Call MNI

| EntryCode | Lname | Fname | MI | Title | DOB | Address | Lic Num |
|---|---|---|---|---|---|---|---|
| DRI | WILCOX | GRANT | T | | 05/23/88 | 9858 GREEN DR | SU108598 |

## Call Vehicle

| Plate | State | Year | Make | Model | Color | Color2 | Vin |
|---|---|---|---|---|---|---|---|
| HPM9842 | OH | 2018 | CHEV | TK | BLK | | 1GCGTCEN8J1304281 |

# AURORA POLICE DEPARTMENT

**Exhibit E.**

## Call Summary Report

Printed on 01/20/2021

| | | | |
|---|---|---|---|
| **CallID** 21-00088 | **Date Taken** 01/04/2021 | **Time Taken** 00:28:18 | **Method Received** SELF-INIT |
| **Call Dispo:** WARNING | | | |

| | | | |
|---|---|---|---|
| **Code** TRS | **Type** TRAFFIC STOP | | **Citation** |
| **Street Info** 0  GARFIELD RD/WAKEFIELD RD | **Apt** | | **PNum** 21-00088 |
| **Location** GARFIELD RD/WAKEFIELD RD | | | **FNum** |
| **City/State/Zip** HIRAM  OH  44234 | | | **ENum** |
| **County** PORTAGE | | | **Entry ID** trappg |

### Caller Information

**Caller Name**
**Caller Address** 0                          **Apt**           **Caller City**
**Caller Phone**

### Comments

(1/4/2021 00:28:45 By: trappg) CHEVY COBALT - UNKNOWN OCC
(1/4/2021 00:29:20 By: trappg) GRANT THOMAS WILCOX, WINDHAM - SHOWING A 15 ON THE PLATE
(1/4/2021 00:30:55 By: trappg) 900 GOING
(1/4/2021 00:32:48 By: trappg) SU108598 GRANT WILCOX - 15 OUT OF LICKING COUNTY -
(1/4/2021 00:32:51 By: trappg) ML IS PRETTY IRATE
(1/4/2021 00:34:56 By: trappg) 904 OUT WITH 823 - HIT CONFIRMATION REQUEST SENT TO LICKING COUNTY SO
(1/4/2021 00:36:22 By: trappg) CHECK UP - 823 ADV OK
(1/4/2021 00:40:29 By: trappg) CHECK UP - 823 ADV OK
(1/4/2021 00:45:37 By: trappg) PER LICKING COUNTY - THEY WILL NOT ACCEPT DUE TO COVID RESTRICTIONS - ADVISE AND RELEASE - 823 ADVISED
(1/4/2021 00:49:09 By: trappg) 823 ADV - ML ADVISED ON 15 - WARNING FOR TURN SIGNAL VIOLATION - 33

### Call Numbers

| Time Stamp | Number Type | Call Number | Number Reason | Created By |
|---|---|---|---|---|
| 01/04/21 00:28:45 | PNUM | 21-00088 | HIRAM PD | TrappG |

### Unit Times

| UnitId | Date | Disp | Enroute | Onscene | IN SERVICE | TO HOSPIT | AT HOSPIT | BELL OUT | TO JAIL | IN QTRS | Cleared |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 823 | 01/04/21 | 00:28:46 | | 00:28:46 | | | | | | | 00:49:18 |

### Call MNI

| EntryCode | Lname | Fname | MI | Title | DOB | Address | Lic Num |
|---|---|---|---|---|---|---|---|
| DRI | WILCOX | GRANT | T | | 05/23/88 | 9858 GREEN DR | SU108598 |

### Call Vehicle

| Plate | State | Year | Make | Model | Color | Color2 | Vin |
|---|---|---|---|---|---|---|---|
| HPM9842 | OH | 2018 | CHEV | TK | | | 1GCGTCEN8J1304261 |



Grant Wilcox <grant.wilcox@gmail.com>

# Wilcox - 2015 DR 00574
4 messages

**Athey, Michele** <MAthey@lcounty.com>                     Tue, Jan 19, 2021 at 9:38 AM
To: Herbert Baker <herb@herbbakerlaw.com>, Jody <jody@herbbakerlaw.com>, Grant Wilcox <grant.wilcox@gmail.com>, Eric Allen <eric@eallenlaw.com>, Mark Poole <mrpoole6690@windstream.net>

Good morning,

Attorney Herb Baker's office emailed me requesting an oral hearing date for a motion he will be filing regarding parenting time, recalculation of child support and a withdraw of the bench warrant. The request regarding the bench warrant would typically be handled through a non-oral hearing but since the other issues require an oral hearing then this will be added as well.

Below are available dates for an oral hearing:

February 3, 2021 at 8:30 am

February 4, 2021 at 9:00 am

February 16, 2021 at 8:30 am

Due to the amount of parties involved and three separate issues, please set aside 2 ½ hours for this hearing. I am uncertain if the Judge will ask me to schedule the hearing for this amount of time but it would be best to have an ample amount of time set aside just in case.

Please let me know all of the dates you are available.

Thank you,

### Michele (Shelley) Athey

Administrative Assistant to Judge Duke Frost

Licking County Common Pleas Court

Domestic Relations Division

TAGCPM Public Portal

**Exhibit G.**

2/1/21, 9:53 AM

Licking County
Common Pleas

Public Portal

| | | |
|---|---|---|
| To SARA N WILCOX : SERVICE ISSUED 4501-5262079 | 6 X 9 CERTIFIED | 9268 MULBERRY |
| To DUKE FROST: CLERK - DR NOTICE TO SERVE 4501-5302642 | LICKING COUNTY SHERIFF | COURT OF DOME NEWARK OH 430 |
| To DEBORAH LANG: CLERK - DR NOTICE TO SERVE 4501-5302641 | LICKING COUNTY SHERIFF | COURT OF DOME NEWARK OH 430 |
| To SARA N WILCOX : SUMMONS CONTEMPT NOTICE TO SERVE 4501-5303986 | LICKING COUNTY SHERIFF | 9268 MULBERRY |
| To GRANT T WILCOX: CLERK - DOMESTIC CAPIAS 4501-5314940 | LICKING COUNTY SHERIFF | 9858 GREEN DRI |

Document Service for case.

**Financials**

| Document Date | Document Id | Document Name | |
|---|---|---|---|
| 04/04/2017 | 4501-4475624 | Itemized Bill Entry | SARA W |
| 04/04/2017 | 4501-4475624 | Itemized Bill Entry | GRANT |
| 04/04/2017 | 4501-4475624 | Itemized Bill Entry | SARA W |
| 02/22/2018 | 4501-4686646 | Itemized Bill Entry | HERBER |
| 04/09/2019 | 4501-4949262 | Itemized Bill Entry | THOMAS |
| 04/09/2019 | 4501-4949293 | Itemized Bill Entry | GRANT |
| 04/09/2019 | 4501-4949404 | Itemized Bill Entry | GRANT |
| 04/09/2019 | 4501-4949498 | Itemized Bill Entry | SARA W |
| 04/09/2019 | 4501-4949498 | Itemized Bill Entry | GRANT |
| 04/09/2019 | 4501-4949509 | Itemized Bill Entry | GRANT |
| 02/26/2020 | 4501-5164532 | Itemized Bill Entry | GRANT |

New Financial Section End

**Document filed for case and case docket.**

Scroll Dow

**Date Received:** 12/15/2020  **Description:** JUDGMENT ENTRY

**Text:** DEFENDANT'S REQUEST TO SET ASIDE OR WITHDRAW THE CAPIAS IS DENIED.

**Date Received:** 12/11/2020  **Description:** NOTICE

**Text:** OF BANKRUPTCY AND MOTION TO WITHDRAW CIVIL CAPIAS

**Date Received:** 12/03/2020  **Description:** MISC

**Text:** COPY OF COURT OF APPEALS ENTRY CLOSING APPEAL DUE TO BANKRUPTCY STAY